No. 87-364

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

DAVID E. REISER,

            Claimant and Respondent,

   -vs-

CARDINAL DRILLING COMPANY,
Employer and HOME INDEMNITY COMPANY,
            Petitioner and Respondent,
     and
STATE COMPENSATION INSURANCE FUND,

            Defendant and Appellant.

_____

APPEAL FROM: The Workers Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles Adams, Helena, Montana

    For Respondent:

        Ugrin, Alexander, Zadick & Slovak; Gary M. Zadick,
        Great Falls, Montana
        Jardine, Stephenson, Blewett & Weaver; James E. Aiken,
        Great Falls, Montana
        Veeder, Broeder & Michelotti; Robert J. Waller,
        Billings, Montana

_____

Submitted on Briefs: Dec. 3, 1987

Decided: February 11, 1988

Filed: **FEB 11 1988**

*Ethel M. Harrison*

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The State Compensation Insurance Fund (State Fund) appeals the judgment of the Workers' Compensation Court that State Fund was the insurer on risk for the claim brought on behalf of Mr. Reiser. We affirm.

The issue is whether the court erred in finding that State Fund was on risk for workers' compensation coverage on October 6, 1985. State Fund asserts the judgment was wrong for two reasons:

1. The court did not take into consideration State Fund's right to approve or reject an application for insurance coverage;

2. The court found that coverage with Home Indemnity Company (Home) terminated on September 13, 1985, although Home never provided notice of cancellation to the division of workers' compensation pursuant to § 39-71-2205, MCA.

Beginning September 11, 1984, Cardinal Drilling Company (Cardinal) had workers' compensation coverage with Home. The next year, Home notified Cardinal that the policy would not be renewed beyond September 11, 1985. Home did not provide written notification to the division of workers' compensation that the policy was cancelled, as required by § 39-71-2205, MCA. Cardinal, through a Denver brokerage firm, applied for coverage with State Fund in September 1985. On October 6, Mr. Reiser was fatally injured while employed by Cardinal. State Fund and Home have stipulated that Cardinal had workers' compensation coverage, leaving only the issue of which company is the insurer.

On October 7, the vice president of administration for Cardinal phoned State Fund to notify it of the fatal accident and to inquire about coverage. He spoke with an

administrative clerk at State Fund, but she could not find the Cardinal application. She later testified that due to a three-month backlog, the application had not been reviewed by her office until the October 7 call by Cardinal. The application had been stamped as received by the State Fund on September 13, 1985. The administrative clerk noted that the application submitted by Cardinal's broker was obsolete. At the same time, she told him over the phone that coverage was bound as of September 13, 1985, the day State Fund received the first application. The clerk, testifying by deposition, stated that State Fund never revoked this binder of coverage. Therefore, Cardinal assumed that coverage existed.

Soon after this conversation, the administrative clerk called the brokerage firm in Denver. She informed an account assistant there that new applications would have to be resubmitted for each of the six companies listed on the original application. The brokerage firm received the new applications on October 14 and did not fill them out until November 5. State Fund received them on November 7 and notified Cardinal that coverage was effective that date.

On December 31, 1985, State Fund agreed to pay benefits without accepting liability. On February 28, 1986, the division ordered Home to pay benefits. Home then filed with the Workers' Compensation Court a petition to determine insurer. In its June 26, 1987, judgment the court concluded that State Fund was the insurer on risk on October 6, 1985, the date of the fatality.

I

Did the Workers' Compensation Court err in not considering State Fund's right to approve or reject an application for insurance coverage?

Section 39-71-2303, MCA, provides in part:

3

The division shall prescribe the procedure by which employers may elect to be bound by compensation plan No. 3, the effective time of such election, and the manner in which such election is terminated for reasons other than default in payment of premiums.

Pursuant to this section and § 39-71-203, MCA, the division adopted § 24.29.3501, ARM, which reads as follows:

ELECTING COVERAGE UNDER PLAN THREE  (1)  An employer may request coverage with the State Compensation Insurance Fund either by mail, phone, or in person. Coverage will not be extended to any employer having a delinquent account.  In all cases, coverage is subject to the approval of the State Fund. Coverage obtained pursuant to this rule will extend only to those employments not listed in Section 39-71-401, MCA, unless the procedures in rule 24.29.3502 ARM are followed.

(2)  By phone.  An employer who requests coverage by telephoning Policy Services (Underwriting), State Fund, at headquarters in Helena, Montana, may have coverage effective at 12:01 a.m. on the day following the telephone request, provided the following requirements are met:

(a)  A completed State Fund application, form 210, is received by the State Fund within 15 days after the telephoned request, or, if the employer requests the State Fund to supply application forms, within 15 days after the date the State Fund mails application forms to the employer.

(b)  Payment in full of the initial deposit is received within 15 days after the billing date shown on the statement for initial deposit, form 403.

(3)  By mail.  An employer who mails a completed application, form 210, to the State Fund, may have coverage effective as of the date the application form is received at the office of the State Fund in Helena, Montana, provided the State Fund receives payment, in full, of the initial deposit within 15 days after the billing date shown on the statement for initial deposit, form 403.

(4)  In person.  An employer who delivers a completed application, form 210, to the State Fund in person may have coverage effective at 12:01 a.m.

4

the day following delivery, provided the State Fund receives payment, in full, of the initial deposit within 15 days after the billing date shown on the statement for initial deposit, form 403.

On September 13, 1985, State Fund received in the mail Cardinal's application for coverage; thus the procedure of subsection (3) as recited above applies to this situation. State Fund does not contest that the initial deposit was received within 15 days of the billing date. However, the application form which Cardinal initially mailed was not form 210 as required by the regulation. The State Fund administrative clerk testified that when an obsolete application form is received, new forms are sent to the applicant for resubmission, and coverage is bound retroactively to the date on which the obsolete application was received by State Fund. The employee gave no indication that State Fund denies coverage simply because an obsolete form is mailed by the applicant. Three factors apparent from the record support this practice. Although the regulation requires that the employer mail "a completed application form 210," form 210 is an obsolete form. The form eventually accepted by State Fund was form PF 100A "Formerly Form 210". Additionally, the form submitted initially by Cardinal and the form eventually accepted contained substantially the same information. Also, unless applications were accepted and coverage backdated to the date of receipt by State Fund, employers could go as long as 3 months without coverage due to the backlog at State Fund. Yet State Fund argues that it did not approve the obsolete application and, therefore, did not approve coverage for September 13. State Fund bases its position on a sentence found in subsection (1) of the regulation: "In all cases, coverage is subject to the approval of the State Fund." State Fund argues that three facts support its

5

assertion that "[c]learly coverage pursuant to this application was not approved": 1) the application of September 13 was an obsolete form; 2) six entities were combined on one form; 3) a box on the initial form which read "approved for coverage . . ." was not marked by State Fund. We have already discussed the first two of these facts. State Fund regularly accepts coverage upon receipt of obsolete forms but does require new forms be resubmitted. Cardinal properly complied with this requirement on November 7, 1985. The fact that six entities were combined on one form also was corrected by resubmission of new forms, forms which contained substantially the same information with regard to Cardinal's coverage. Finally, although the box on the obsolete form was not marked by State Fund as "approved" this fact does not convince us that coverage was "rejected". The forms currently used by State Fund contain no such box or other space for distinguishing an application "approved" from one "rejected". In making this technical argument, State Fund disregards the uncontroverted testimony of its employees which established that coverage was bound as of September 13, 1985, and never revoked. Without deciding whether State Fund has a valid right to approve or reject coverage, we conclude that Cardinal complied with § 24.29.3501(3), ARM, by mailing a completed application to State Fund and by delivering the initial deposit within 15 days after billing date. We also conclude that coverage was bound and remained in effect as of September 13, 1985.

State Fund next argues that the new forms should have been returned within 15 days of the October 7 phone call from Cardinal to State Fund. The Workers' Compensation Court addressed this issue adequately in its conclusions of law:

6

[T]he State Fund contends that, in some manner, Mr. Leonhardt's call to the State Fund on October 7, 1985, in effect transformed the employer's written application to a telephone application and subjected the employer to the 15-day limit of subsection (2) of A.R.M. 24.29.3501. Since the employer did not return the correct application within 15 days, the Fund reasons that the initial coverage date of September 13, 1985, is ineffective and the new date is the date of receipt.

This reasoning cannot stand close scrutiny. First, it is obvious that, had the State Fund been current in the processing of their applications, this matter would have been resolved prior to the accident. However, since the Fund was some three months behind, Cardinal Drilling Company's <u>written</u> application languished until Mr. Leonhardt <u>called</u> on October 7, 1985, with notice of the tragic accident. What transpired, or what was said, in the phone conversations between Cardinal Drilling, the State Fund and the Fred S. James brokerage house is immaterial to this matter. The crucial facts are that this was a written application and not subject to the 15-day return limit of a phone application.

We approve the court's reasoning and affirm the holding of the Workers' Compensation Court that State Fund had approved and bound coverage for Cardinal effective September 13, 1985.

II

Did the court err in finding that Home's coverage terminated on September 13, 1985, although Home never provided notice of cancellation to the division pursuant to § 39-71-2205, MCA?

Section 39-71-2205, MCA, states in full the following:

The policy remains in effect until canceled, and cancellation may take effect only by written notice to the named insured and to the division at least 20 days prior to the date of cancellation. However, the policy terminates on the effective date of a replacement or succeeding workers' compensation insurance policy issued to the insured. Nothing in

> this section prevents an insurer from canceling a policy of workers' compensation insurance before a replacement policy is issued to the insured.

We have affirmed the court's conclusion that the effective date of the State Fund coverage was September 13, 1985. Consequently, pursuant to § 39-71-2205, MCA, the Home policy terminated that same date, the effective date of the replacement or succeeding workers' compensation insurance policy. We affirm the holding of the court that Home's coverage terminated on September 13, 1985, the effective date of State Fund coverage.

We hold that State Fund was the insurer on risk for Cardinal on October 6, 1985. Affirmed.

_____
Justice

We Concur:

_____
John Conway Harrison

_____
W. C. Gulbrandson

_____
William E. Hunt Sr.

_____
R. C. McDonough
Justices

8